■ In the Matter of the Claim of ROBERT KORMENDI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 29, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause. Claimant, a transporter employed by a car rental firm, was a member of a union which had a contractual relationship with the employer. Under that contract, an employee desiring a leave of absence was required to request such leave in writing. The contract included a provision that any employee who failed to work at least 15 days in a three-month period, unless on authorized leave of absence, was considered terminated. Claimant's employment terminated because he had not requested a leave of absence from his job during a six-month period for which he received disability benefits because of a back injury. Claimant's failure to follow the contractual arrangements between his union and the employer was equivalent to leaving his employment without good cause. The fact that he was unfamiliar with the union agreement in that regard is immaterial because the record indicates that the union rules were posted and available to the employees. There is substantial evidence in this record to support the determination of the board and, therefore, its decision cannot be disturbed *(Matter of Artz [Levine],* 50 AD2d 958; *Matter of Famulare [Catherwood],* 34 AD2d 705). Decision affirmed, without costs. Main, Larkin and Reynolds, JJ., concur; Greenblott, J. P., and Herlihy, J., dissent and vote to reverse in the following memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting).— The majority has affirmed the determination of the board that claimant failed to protect his job by not requesting a leave of absence during the period in which he was injured. This finding is based upon evidence submitted by the employer to the effect that during the first three months following his last day of work, claimant failed to request a leave of absence. The record, however, also contains a letter from the claimant to the employer dated August 22, 1974, and thus within three months of his last day of work on June 6, 1974, in which he states that he is requesting a leave

of absence for six months as of said last working day, and that he intends to return to work upon his recovery from his injury. The employer cannot deny the receipt of such a letter for on August 29, 1974 it sent a letter to claimant which stated: "Subject Leave of Absence" and indicated that since claimant "did not contact this office at the start of [his] leave * * * We will grant you no further leave." This statement that claimant would not be granted *further* leave, and that he did not contact this office at the *start* of his leave, belies contentions raised at the hearing that claimant had never requested leave. It is pertinent that the person under whose signature the letter was sent did not testify at the hearing. It is also noteworthy that the employer's witnesses at the hearing indicated that the union contract does not define any specific period within which a request for leave must be made, other than the period of three months. It is readily understandable that a claimant who is injured would not necessarily request an immediate leave of absence, until he realized that he would not be able to fulfill the requirement of working 15 days in the three-month period before being subject to automatic termination. Of course, it is not necessary to reach such conclusion in the present case. In our view, the only pertinent and controlling fact is that claimant did request a leave of absence within the three-month period. Any finding by the board to the contrary, which ignores the written communications between claimant and the employer, is not supported by substantial evidence. We would reverse.